UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
**LG CAPITAL FUNDING, LLC,**
:
                Plaintiff,     :    **DECISION AND ORDER**
:
      - against -       :
                                            16 Civ. 2266 (AMD) (PK)
:
**COROWARE, INC.,**
:
                Defendant.
                                          X
------------------------------------------------------------

**ANN M. DONNELLY,** District Judge.

The plaintiff, LG Capital Funding, LLC, commenced this diversity breach of contract action on May 5, 2016, alleging that defendant Coroware, Inc. failed to make payments due under three promissory notes. (Compl., ECF 1.) The plaintiff then filed a motion for default judgment. The Honorable Peggy Kuo issued a report and recommendation; the plaintiff objects to portions of Judge Kuo's report. For the reasons set forth below, I adopt Judge Kuo's thorough and well-reasoned opinion, and make the additional finding that the plaintiff is entitled to expectation damages in the amount of $54,912.33.

## BACKGROUND

The defendant issued three convertible promissory notes for $40,000 (note 1), $32,000 (note 2), and 20,625 (note 3), respectively. (Compl. ¶¶ 9-11.) The notes provided that on specified dates of maturity, the defendants would pay the plaintiff the principal value amount plus 12% interest. (*Id.* ¶ 13.) Additionally, after 180 days, the plaintiff could "convert all or any

1

of the amount of the principal face amount of the Note then outstanding into shares of [the defendant's] common stock" at a discounted price. (Compl. ¶¶ 13-15.)

On March 26, 2014, the plaintiff sought to convert $16,000 of the principal of Note 1 and $160 of the interest into shares of the defendant's stock. (*Id.* ¶ 20.) The defendant complied, leaving a principal balance of $24,000 on note 1. (*Id.* ¶ 21.) On March 11, 2015, notes 1 and 2 reached their maturity dates, but the defendants did not pay the plaintiff. (*Id.* ¶ 22.) Accordingly, the plaintiff "sought to take advantage of the conversion feature of the Notes," and issued a notice of conversion stating its request to convert $15,000 of the principal amount and $3,304.11 of the interest on Note 1 into shares of common stock. (*Id.* ¶ 23.) The defendant did not respond.

There is a cross-default provision in the notes to the effect that a default on one note, if not cured within five days, renders the others payable immediately. (Notes § 8.) Section 8(k) of the notes provides that if the defendant breaches the conversion provision, it incurs a $250 penalty per day starting the fourth day after receiving the notice of conversion, and that the penalty increases to $500 per day starting the tenth day after receipt of the notice. (Notes § 8(k).)

After attempting to contact the defendant through counsel, the plaintiff filed this lawsuit on May 5, 2016, alleging breach of contract and conversion, and seeking damages in the amount of the outstanding balance on the notes—including the principal, interest, and default interest—plus lost profits or, in the alternative, liquidated damages. (Compl. ¶¶ 5-6, 39-44.)

The defendant filed an answer July 9, 2016, (ECF 5), but did not respond to the plaintiff's discovery demands. (ECF 8.) On November 4, 2016, the defendant's attorney moved to withdraw as counsel on the ground that he was not able to contact the defendant. (ECF 9.) Judge Kuo held a hearing and ordered a representative for the defendant to appear, but none did. (ECF 12.) Accordingly, Judge Kuo granted defense counsel's motion to withdraw and ordered the

2

defendant to obtain new counsel or update her as to the status of its efforts by November 22, 2016. (*Id.*) The defendant did not comply with Judge Kuo's order, and the plaintiff moved for permission to request a certificate of default. (ECF 13.) Judge Kuo ordered the defendant to show cause why it failed to comply with her order, but the defendant did not respond. (ECF 14.) Judge Kuo granted the plaintiff permission to request a certificate of default. (ECF 15.) After obtaining a certificate of default, the plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on January 17, 2017, seeking damages, attorneys' fees, and costs. (ECF 19.)

In a Report and Recommendation issued on July 12, 2017, Judge Kuo recommended that I grant the motion for default judgment as to the plaintiff's breach of contract claim and the request for attorneys' fees and costs, but deny the motion as to the plaintiff's conversion claim as duplicative. (ECF 21 at 13.) Additionally, Judge Kuo recommended that I award the plaintiff $130,654.37 for the breach of contract claim and $5,953 for attorneys' fees and costs, and that these amounts should accrue a default interest of $55.04 per day from the date of her R&R to the date of this judgment. Judge Kuo directed the plaintiff to serve her recommendations on the defendant by July 19, 2017. The plaintiff filed its certificate of service a day late, on July 20, 2017. (ECF 22.) On August 2, 2017, the plaintiff timely filed its objection to Judge Kuo's Report and Recommendations, arguing that it should be entitled to lost profits, liquidated damages, or expectation damages. (ECF 23.)

## DISCUSSION

I. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

3

U.S.C. § 636(b)(1)(C). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R & R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96 Civ. 324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a de novo review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09 Civ. 4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02 Civ. 1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11 Civ. 4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

II. The Plaintiff's Partial Objections

The plaintiff does not contest Judge Kuo's determination that the plaintiff is entitled to damages regarding its breach of contract claim, or that those damages include the outstanding principal on the promissory notes, as well as regular and default interest. (ECF 23, at 3.) Finding no clear error in those determinations, I adopt them.

The plaintiff objects, however, to Judge Kuo's determination that it is not entitled to lost profits or liquidated damages. Accordingly, I review those findings *de novo*. *See, e.g., Grassia v. Scully*, 892 F. 2d 16, 19 (2d Cir. 1989).

4

a. Lost Profits

To support an award of lost profits due to a breach of contract, a plaintiff must show that "1) the damages were caused by the breach; 2) the damages are provable with reasonable certainty; and 3) the damages were within the contemplation of the parties at the time of contract." *Atias v. Sedrish*, 133 F. App'x 759, 760 (2d Cir. 2005) (citing *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 404, 604 N.Y.S.2d 912, 624 N.E.2d 1007 (1993)). The plaintiff claims that it is entitled to lost profits from the unconverted shares of stock that it could have sold if the defendant had completed the conversion, and proposes that these profits should be calculated based on the stock's highest sale price. (Report and Recommendations, ECF 21, at 8.)

The plaintiff asserts that its entitlement to lost profits may be proved by a reasonable certainty. From the date the plaintiff submitted its notice of conversion through the date the plaintiff sent the defendant a default letter, the stock price ranged from $.0001 per share to $.0004 per share, resulting in a conversion rate of between $36,608.22 and $146,432.88. (ECF 23 at 9.) Accordingly, the plaintiff claims, it is reasonably certain that the plaintiff would have profits from its sale of the converted notes, and the Court should calculate its award for lost profits as $128,128.77, which represents the highest potential profit, $146,432.88, minus the converted value of the notes, $18,304.11. (Lerman Decl., ECF 19-1 ¶ 7.)

Judge Kuo rejected the plaintiff's proposed lost profits calculation, finding that the plaintiff did not provide any support for its assumption that it would have sold the stock when it was at its highest price, as opposed to any other time. She found the plaintiff's estimate especially "speculative" in light of its description of the stock as "extremely volatile." (Report and Recommendations, ECF 21, at 10; Compl. ¶ 49.) Indeed, the plaintiff's complaint states that the parties included a liquidated damages provision in the contract because "certain

5

unpredictable variables in the...market, such as fluctuations in trading price and volume, as well as reactionary trends, the exact profits which [the plaintiff] might stand to receive were extremely difficult to calculate." (Compl. ¶ 44.) The damages provision of the notes provides that in the event of default, the note becomes "immediately due and payable," accrues interest at a rate of 24% per year, and that the holder is subject to a daily fine of $250 per day and then $500 per day. (Notes § 8.) The plaintiff has not established that the parties contemplated the proposed award of damages for lost profits, nor has it established that the proposed calculation estimates its actual loss of profits with any reasonable certainty.

Judge Richard Sullivan of the Southern District of New York recently declined to enforce a contract provision that called for the same measure of lost profits—that is, "multiplying the number of shares by 100% of the *highest* market price on *any* date subsequent to the failure to convert"—finding that this formula was designed to provide the note purchaser "with a guaranteed higher cash payout than a true make-whole measure, which would focus only on [its] loss as a result of [the note issuer's] failure to abide by the terms of the bargain." *Union Capital LLC v. Vape Holdings Inc.*, No. 16 Civ. 1343 (RJS), 2017 WL 1406278, at *7 (S.D.N.Y. Mar. 31, 2017). Similarly, the plaintiff's request for lost profits here does not reflect actual damages with any reasonable certainty.

For these reasons, I adopt Judge Kuo's recommendation and deny the plaintiff's request for lost profits.

    b.  Liquidated Damages

As an alternative to its claim for lost profits, the plaintiff argues it is entitled to liquidated damages under Section 8 of the promissory notes, which provides for the daily penalty of $250

for each day that the shares are not issued, escalating to $500 per day on the tenth day. (Notes § 8.)

"Under New York law, courts will uphold and enforce liquidated damages provisions where (1) actual damages are difficult to determine and (2) the amount of damages awarded pursuant to the clause is not clearly disproportionate to the potential loss." *Union Capital LLC*, 2017 WL 1406278, at *7 (citing *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 70-71 (2d Cir. 2004)). "[I]f the clause in question does not satisfy one or both of these factors then it is considered an impermissible penalty and will not be enforced by the courts." *Id.* (citing *U.S. Fidelity & Guar. Co.* 369 F.3d at 70-71). To determine whether "a liquidated damages provision functions as a penalty, courts are to consider whether damages were ascertainable and the liquidated damages amount was unreasonable as of the time of contracting, not the time of the breach." *Id.* (citing *Rattigan,* 739 F. Supp. at 169). Courts also consider the sophistication of the parties. *Id.*

Judge Kuo recommended that I find the liquidated damages provision unenforceable. She reasoned that "the per-day penalty, which increases after 10 days, bears no relation to the amount being converted or any probable loss." (Report and Recommendations, ECF 21 at 11.) Accordingly, she concluded the damages were penalties intended to "'secure performance by the compulsion' of a disproportionate amount, which 'in the event of default, would reap a windfall well above the actual harm sustained." (*Id.* (citing *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 361 N.E.2d 1015 (1977)).

I agree with Judge Kuo's determination that the plaintiff is not entitled to liquidated damages. The daily penalty functions as just that—a penalty; the amount is not tethered to the plaintiff's actual losses, and serves only to coerce contract performance. *See, e.g., Union Capital*

7

*LLC*, 2017 WL 1406278, at *7 (declining to enforce an identical daily penalty provision, finding that it "serve[d] only to encourage [the defendant] to abide by the terms of the contract, and it thus functions as the prototypical forbidden penalty—an invalid 'added spur to performance.'") (citing *Priebe & Sons v. United States,* 332 U.S. 407, 413 (1947)).

c. Expectation Damages

The plaintiff argues that if I reject its request for lost profits or liquidated damages, I should award expectation damages.[1] Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citation omitted). The plaintiff asserts that any damages award must account for its lost opportunity to convert the notes to stock, and sell the stock on the market.

To support its argument, the plaintiff relies on Judge Sullivan's decision in *Union Capital LLC v. Vape Holdings Inc.*; Judge Sullivan articulated a method of calculating expectation damages in case involving similar circumstances. 2017 WL 1406278, at *6. Union and Vape entered an agreement like the one at issue here, and Vape allegedly breached the terms of that agreement by failing to convert a note when Union issued a notice of conversion. Union sought to enforce a liquidated damages provision that imposed a per-day penalty and a contract provision stating that the loss for Vape's failure to convert shares would be the number of shares requested multiplied by "the high trade price" of the shares. *Id.* at *7. Union also sought specific performance and injunctive relief on the ground that damages would not be ascertainable. As noted above, Judge Sullivan rejected Union's arguments that it was entitled to liquidated

---

[1] The plaintiff did not explicitly request expectation damages in its motion for default judgment, thus Judge Kuo did not have the occasion to address that question. Nevertheless, since the plaintiff's complaint requests "other and further relief" as the court "may deem just, proper, and in the interest of justice," (Compl. at 17), the question was adequately presented below.

8

damages or specific performance. Instead, he found that Union's expectation damages could be calculated "by subtracting the contract price—the price at which [the plaintiff] is entitled to convert shares under the Note—from the market price of the shares on the date of the breach." *Id.*; *see also, e.g., Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 825 (2d Cir. 1990) ("The damage award resulting from a breach of an agreement to purchase securities is the difference between the contract price and the fair market value of the asset at the time of breach, not the difference between the contract price and the value of the shares sometime subsequent to the breach.") (citing *Aroneck v. Atkin,* 90 A.D.2d 966, 967, 456 N.Y.S.2d 558, 559 (App.Div. 4th Dep't 1982)).

I agree that the expectation damages calculation that Judge Sullivan used is a reasonable measure of the plaintiff's damages with respect to the shares that the plaintiff sought to convert on January 13, 2016. (Compl. ¶ 23.) Accordingly, the plaintiff is entitled to the difference between the fair market price of the stock on the date of breach ($.0002) and the contract price ($.00005) multiplied by the number of shares the plaintiff sought to convert (366,082,200), for a total of $54,912.33. (Kehrli Decl. ¶ 16; Objections, ECF 23 at 13.)

The plaintiff also claims that it is entitled to the same measure of expectation damages as applied to the remainder of the unconverted shares, which the plaintiff might have sought to convert if the defendant responded to the January 13, 2016 first notice of conversion. Judge Sullivan considered this to be a "closer question" but concluded that he could "take the date of the breach and determine the conversion price Union was entitled to on that date, the number of shares Union was authorized to convert, and the market price of those shares on the date of the breach." *Union Capital LLC,* 2017 WL 1406278, at *6.

Unlike this case, however, Union alleged as a breach "Vape's refusal to honor any future notices of conversion." *Id.* The plaintiff here has made no such allegation. Instead, the plaintiff's claim regarding lost profits is limited to the "stock that it should have received pursuant to its January 13, 2016 conversion request." (Lerman Decl. ¶ 7; Compl. ¶ 47.) Moreover, Judge Sullivan made no determination as to whether Union established that it was entitled to damages regarding future notices of conversion; he merely held that those damages would be ascertainable. Here, the plaintiff might have sought to convert the notes, or it might have sought to redeem the notes on their maturity dates. Indeed, the plaintiff could have requested to convert the remainder of the amount on all three notes, but did not do so.

Accordingly, I find that the plaintiff has established that it is entitled to expectation damages regarding its January 13, 2016 conversion request, but not any other hypothetical conversion requests. Other than that, I agree with Judge Kuo's determination that the plaintiff is entitled to the remaining principal value of the notes plus 12% interest, plus a default interest of 24%.[2]

## CONCLUSION

The plaintiff's motion for default judgment is granted in part as to the breach of contract claim and the request for attorneys' fees and costs, and denied as to the conversion claim. The plaintiff is entitled to the following damages: (1) expectation damages in the amount of $54,912.33, for the the January 13, 2016 conversion request; (2) the balance of the principal on the notes, plus regular interest, plus default interest of 24% from the default date to the date of the

---

[2] The plaintiff asserted in its motion for default judgment that the balance owed on Note 1 at the time of the complaint was $38,863, but that amount includes the $15,000 in principal and $3,304 in interest that would have been converted if the defendant honored the Notice of Conversion on January 13, 2016. Since I am awarding expectation damages for the amount that the plaintiff sought to convert on January 13, 2016, the plaintiff's damage calculation for Note 1 must be amended to account for a reduction of $15,000 in principal and $3,304 in interest as of that date.

R&R; and (3) attorneys' fees and costs in the amount of $5,953. Additional default interest of $55.04 should be added for each day from the date of the R&R to the date of the judgment.

**SO ORDERED.**

                                                               s/Ann M. Donnelly
                                                               _____

                                                               Ann M. Donnelly
                                                               United States District Judge

Dated: Brooklyn, New York
       September _d_, 2017